UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALLEN GRAVES,<br><br>Petitioner<br><br>v.<br><br>KIM HOLLAND, Warden,<br><br>Respondent. | Case No. CV 16-05137-RGK (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

Petitioner asserts that the Magistrate Judge erred by misconstruing his two habeas claims. A review of the means by which Petitioner exhausted his claims (his California Supreme Court habeas petition) and the allegations of the Petition, as well as of the Report itself, belies Petitioner's assertion. In particular, at page 13 of the Report, the Magistrate Judge outlined the evidence she found sufficient to show

that Petitioner "intended to and did use" the knife at issue and about which the victims testified. Given the Report's conclusion (p. 13) that "there was more than sufficient evidence from which the jury could infer that Petitioner used a dangerous weapon during the commission of the rapes," there is no fair reading of the Report that could support Petitioner's contention that the Report failed to address his "possession" of the knife.

As the Report noted (p. 16 n.4), Petitioner's belated attempt to raise a Confrontation Clause claim in his Reply was inappropriate and, in any event, futile, as the claim would have failed on its face if considered. In his Objections, Petitioner asserts that he is entitled to pursue the claim here, because he raised it in one of his two trial court habeas petitions. Whether or not he did, presenting the claim to the trial court did not exhaust it. Petitioner's Confrontation Clause objection lacks merit.

Finally, the bulk of the Objections are devoted to raising two new claims – one relying on a Supreme Court and various Circuit Court decisions with respect to the concept of "possession" for purposes of federal crimes, and the other asserting that trial counsel performed ineffectively by failing to question Detective Tarjamo "about the allegations or any attempts the police made to try and locate the alleged weapon." A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court exercises its discretion *not* to consider these newly-proffered claims, but notes that Petitioner's argument based on decisions construing *federal criminal statutes* are of no moment here, in a case involving a conviction for violation of *state* law.

Having completed its review, the Court concludes that nothing set forth in the Objections affects or alters, or calls into question, the analysis and conclusions set forth in the Report. The Court accepts the findings and recommendations set forth

in the Report.  Accordingly, **IT IS ORDERED** that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: March 13, 2018

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE